IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.               ) | Criminal No. 3:14–cr–08–HEH |
| ) | |
| ALEXANDER EDWARD BELL,    ) | |
| ) | |
| Petitioner.       ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Petitioner Alexander Edward Bell, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal conviction and sentence. ("§ 2255 Motion," ECF No. 59).[1] The Government has filed a Motion to Dismiss, arguing that Bell's § 2255 Motion is barred by the statute of limitations. (ECF No. 63.) Bell filed no response.[2] For the reasons set forth below, the Motion to Dismiss will be granted and the § 2255 Motion will be denied.

## I. PROCEDURAL HISTORY

On January 21, 2014, a grand jury charged Bell with one count of Hobbs Act robbery (Count One), and use, carry, and brandish a firearm in relation to a crime of

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the spelling, punctuation, and capitalization in quotations from Bell's submission.

[2] Prior to ordering the Government to respond, the Court directed that the record be expanded. (ECF No. 61.) The Court ordered Bell to submit specific records and a sworn statement in support of his claim that counsel was ineffective for failing to file an appeal. (*Id.* at 1–2.) The Court warned Bell that if he failed to comply with the above directives, the matter would proceed on the record before the Court. (*Id.* at 2.) Bell did not respond. Accordingly, the Court directed the Government to respond.

violence, to wit: the Hobbs Act robbery charged in Count One (Count Two). (ECF No. 1.) On April 14, 2014, Bell pled guilty to both Counts One and Two. (ECF No. 25, at 1.) On July 18, 2014, the Court entered judgment and sentenced Bell to 204 months of imprisonment. (ECF No. 46, at 2.) Bell did not appeal.

On May 6, 2023, Bell filed his § 2255 Motion.[3] (ECF No. 59.) Bell raises the following claims for relief:

> Claim One: "Bell's 924(c) conviction must be vacated in light of Supreme Court cases in *Johnson*[4] and *Davis*[5]." (*Id.* at 3.)
>
> Claim Two: "Petitioner['s] trial counsel was ineffective for failing to file a notice of appeal." (*Id.*)

As discussed below, Bell's § 2255 Motion is barred by the applicable statute of limitations.

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f)  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1)  the date on which the judgment of conviction becomes final;
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the

---

[3] This is the day that Bell indicated that he placed the § 2255 motion in the prison mail system for mailing to this Court. (ECF No. 59, at 6.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[4] *Johnson v. United States*, 576 U.S. 591 (2015).

[5] *United States v. Davis*, 588 U.S. 445 (2019).

2

>    Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A.   28 U.S.C. § 2255(f)(1)

Because Bell did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Friday, August 1, 2014, the last date to note an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, Bell had until Monday, August 3, 2015, to file a motion under 28 U.S.C. § 2255. Because Bell did not file his § 2255 motion until May 6, 2023, it is untimely pursuant to 28 U.S.C. § 2255(f)(1) unless he is entitled to a belated commencement or equitable tolling.

### B.   Belated Commencement

Bell argues that his § 2255 motion is timely because,

> Under 28 U.S.C. § 2255, Bell['s] Davis and Johnson claims are timely filed. In addition, Bell . . . asserts he is entitled to equitable tolling. He asserts an extraordinary circumstance prevent[ed] him from filing his 2255 on time because he was under the assumption that his direct appeal was still pending. He was told by numerous inmates that he would receive mail once the Court of Appeals issue[d] a[] decision in which he still failed to receive. Furthermore, he was given incorrect advice. Bell believed he still had an

3

> appeal pending and it wasn't until recently he found out that no appeal was ever docketed by his trial attorney.

(ECF No. 59, at 3.)

### 1. Failure to File an Appeal

While Bell may be entitled to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(4) for his claim that counsel failed to file an appeal as instructed, it fails to make his § 2255 Motion timely. That provision provides that limitation period should run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case. *Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). "Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Due diligence, however, "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Id.* (citation omitted). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

4

Counsel's failure to pursue an appeal was discoverable as of Monday, August 4, 2014, when it became apparent that counsel had not filed an appeal in the time required. *See Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003). Although Bell possessed the ability to discover his counsel's failure to appeal on August 4, 2014, "to require that he do so ignores the reality of the prison system and imposes an unreasonable burden on prisoners seeking to appeal." *Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004) (citing *Wims*, 225 F.3d at 190 n.4). While no "magic number" exists for the time afforded a reasonable prisoner to discover counsel failed to file a promised appeal, a petitioner must offer some evidence that he acted with due diligence. *Ryan v. United States*, 657 F.3d 604, 607–08 (7th Cir. 2011) (citation omitted) (finding that "a reasonable prisoner may take at least two months . . . to suspect that counsel has dropped the ball, contact counsel or the court, wait for a response, and verify the suspicion"); *see Granger*, 90 F. App'x at 100 (finding petitioner acted with due diligence when he waited two months to inquire about requested appeal). "[W]hen counsel's communications or lack thereof indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information." *El-Abdu'llah v. Dir., Va. Dep't Corr.*, No. 3:07CV494, 2008 WL 2329714, at *2 (E.D. Va. June 4, 2008) (citations omitted).

Here, according to Bell, on the day of sentencing he instructed his attorney to file an appeal because he believed his sentence was unreasonable and he believed counsel would just file an appeal. (ECF No. 59, at 4.) Bell contends that he wrote letters and called his attorney the same month as his sentencing, "but to no avail." (*Id.*) Bell

5

believed that an appeal was pending, and other inmates told him that it would take a long time to resolve. (*Id.*) However, Bell made no attempt to learn the status of his alleged appeal until he called the Fourth Circuit clerk's office in February of 2023, and was told that there was no appeal ever docketed. (*Id.*)

After the month of his sentencing, Bell fails to indicate he had any further contact with counsel about the requested appeal or that he attempted to contact the Fourth Circuit. Under these circumstances, a petitioner acting with reasonable diligence would have contacted the Fourth Circuit by October 4, 2014, within two months of the appeal period expiring, to learn the status of his pending appeal. However, even with a belated commencement of the limitation period until October 4, 2014, the § 2255 Motion is untimely because it was not filed until nearly nine (9) years later. Bell's explanation for why he should be entitled to a belated commencement is unavailing.[6]

## C.   Equitable Tolling

Motions pursuant to § 2255 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a

---

[6] Although not the focus of his argument for timeliness, Bell states that his "Davis and Johnson claims are timely filed." (ECF No. 59, at 3.) The Court generously construes Bell to argue that he is entitled to a belated commencement for Claim One pursuant to 28 U.S.C. § 2255(f)(3), because it is brought pursuant to *United States v. Davis*, 588 U.S. 445 (2019), and *Davis* was made retroactive to cases on collateral review. Davis was decided on June 24, 2019. Even if *Davis* satisfied § 2255(f)(3), and it applied to Bell's case, Bell was required to file his § 2255 Motion within one (1) year of the *Davis* decision, or no later than June 24, 2020. Bell failed to file his § 2255 Motion until May 6, 2023, nearly three (3) years too late.
   More importantly, *Davis* is inapplicable to Bell's convictions. Bell pled guilty to a completed Hobbs Act robbery, which remains a crime of violence under the force clause of § 924(c)(3)(A). *United States v. Mathis*, 932 F.3d 242, 265–66 (4th Cir. 2019).

6

'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege *with specificity* the steps he took to diligently pursue his federal claims." *Id.* at 929–30 (10th Cir. 2008) (emphasis added).[7]

Bell contends he is entitled to equitable tolling because "extraordinary circumstances prevent[ed] him from filing his 2255 on time because he was under the impression that his direct appeal was still pending." (ECF No. 59, at 3.) Little discussion is needed here, because as discussed above, Bell was not reasonably diligent in determining the status of his alleged appeal, and no extraordinary circumstances stood in

---

[7] The diligence detailed by the petitioner in *Holland* stands in marked contrast to Bell's allegations here. *See* 560 U.S. 635–44. Holland provided the courts with a detailed description of his efforts to pursue habeas relief. *See id.* From that description, the Supreme Court was able to conclude that Holland acted with sufficient diligence because:

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins—the central impediment to the pursuit of his legal remedy—removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

*Id.* at 653.

his way of filing his § 2255 Motion. Bell did nothing for many years before he decided to inquire about the status of an appeal nearly nine years after the time to file an appeal had expired.

In sum, Bell has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[8]

### III. CONCLUSION

For the foregoing reasons, the Motion to Dismiss (ECF No. 63) will be granted. Bell's § 2255 Motion (ECF No. 59) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Final Order shall issue.

/s/
Henry E. Hudson
Senior United States District Judge

Date: February 25, 2025
Richmond, Virginia

---

[8] Neither Bell nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2), or for equitable tolling.